UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHAUNCEY LEON WATKINS, JR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-1667-AGF |
| | ) |
| UNIVERSITY CITY POLICE DEPARTMENT, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon pro se plaintiff Chauncey Leon Watkins, Jr.'s motion for leave to proceed in forma pauperis. (Docket No. 3). The Court has reviewed the financial information plaintiff submitted in support, and has determined to grant the motion and waive the initial partial filing fee. In addition, for the reasons explained below, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an "Inmate Account Activity" form, showing that he has a negative account balance. For this reason, the Court will waive the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee"). However, plaintiff is not excused from paying the filing fee. The Court will direct the agency having custody of plaintiff to begin forwarding payments from his inmate account, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid in full.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," nor will a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When conducting initial review pursuant to § 1915(e)(2), the Court must accept as true the allegations in the complaint, and must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the tenet that a court must accept the allegations as true does not apply to legal conclusions, *Iqbal*, 556 U.S. at 678, and affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed

2

without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

### The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Named as defendant is the University City Police Department. For his statement of claim, plaintiff writes: "I was in custody of University City when medical assistance was need [*sic*] on more than 1 occasion the bills was billed [*sic*] to me and put on my credit report." (Docket No. 1 at 5).

### Discussion

The complaint is subject to dismissal because it is frivolous and because it fails to state a claim upon which relief can be granted. The complaint is frivolous because the sole named defendant, the University City Police Department, is not an entity subject to suit under § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992) (departments or subdivisions of local government are "not juridical entities suable as such"). In addition, the most liberal reading of the complaint fails to yield allegations that a policy or custom of the government entity was responsible for the alleged constitutional violation that may give rise to a claim of municipal liability. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978). Finally, to the extent plaintiff can be understood to attempt to allege a claim against the State of Missouri, the complaint is frivolous because the State of Missouri is absolutely immune from suit under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

The complaint also fails to state a claim upon which relief can be granted. While the United States Constitution requires jails to provide adequate medical care to inmates, *Estelle v. Gamble*, 429 U.S. 97, 103 (1976), there is no requirement that jails provide that medical care free of cost. Inmates may be legally charged for medical care as long as they are not denied it on the basis of inability to pay. *See Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999) (a county policy requiring inmates to pay for their medications, if they could afford to do so, was constitutional). Here, the complaint contains no allegations that plaintiff was denied medical care. It therefore fails to state a claim of constitutional dimension, and is subject to dismissal on this basis, as well.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 3) is **GRANTED**. Pursuant to 28 U.S.C. § 1915(b)(4), the initial partial filing fee is waived.

**IT IS FURTHER ORDERED** that the institution having custody of plaintiff shall, whenever the amount in plaintiff's prison account exceeds $10.00, send monthly payments that equal 20 percent of the funds credited to the account the preceding month to the United States District Court for the Eastern District of Missouri Clerk's office, pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee of $350 is paid in full.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 21st day of September, 2017.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE